Per Curiam.

The complaint contained two causes of action and the defendant has interposed a counterclaim. The court after trial found in favor of plaintiff on both causes of action and also in plaintiff’s favor on the. counterclaim. As to the first cause of action liability was conceded.
The second cause of action was for breach of a contract wherein defendant ordered from plaintiff approximately 200,000 folders of printed matter. The folders were to be used by a customer of defendant and were to be delivered to the customer. The order stated that shipping instructions would follow and requested as speedy a delivery as possible. The parties had done business together for a long period and defendant knew about how long it would take to fill the order. About July 20, 1955 defendant telephoned plaintiff. While the resulting conversation is in some dispute, a letter followed immediately, the receipt of which is admitted. By its terms plaintiff was directed to deliver the folders already made up and withhold delivery of the balance until further instructions. Plaintiff complied with the direction to deliver those on hand, approximately 32,000, but failed to follow the second instruction, in that it delivered the balance of the folders a week later without further instruction.
It is inherent in the contract that shipping instructions should be given within a reasonable time. Aside from the fact that there was no attempt to prove that more than a reasonable time *1066 had elapsed plaintiff made delivery to the customer which was delivery to a place which was not authorized. Had plaintiff held the folders, then after the expiration of a reasonable time and failing shipping instructions it could have recovered on its contract.
Under the circumstances by defendant’s own action the contract may fairly be considered divisible and performed to the extent of the first delivery and plaintiff entitled to recover according to its terms. As to the balance plaintiff would be entitled to a recovery in quantum meruit. It might well be that the reasonable value of the folders equalled the contract price but there is nothing in the record to indicate that it does.
As against this defendant would be entitled to set off whatever damage it suffered because of the misdelivery. In this connection defendant’s theory on its counterclaim was erroneous and the court properly allowed no recovery. The true measure of damage is the difference between defendant’s position had the plaintiff performed and what it was with the faulty performance. It appears that the reason for the instruction to withhold shipment was that defendant became aware that its customer was not going to pay for the folders. It did sue the customer and got a judgment but only made a partial collection. Its counterclaim was for the difference between its contract price and the amount collected, the latter reduced by the legal expense involved in collection. This is not the measure of damage. Had the plaintiff performed properly defendant would have had a claim against its customer for the first shipment and title to the balance of the folders. So what it lost was the value of the folders. It is not immediately apparent how folders with printed matter designed for the exclusive use of one person would have any value, in excess of scrap, in the hands of another person. But this again is conjecture and defendant would be entitled to show what it could in this respect. This amount, if any, would be subject to reduction if defendant’s collection from its customer as reduced by its cost, exceeded its contract price for the first shipment.
A new trial will be required. On this trial the noted deficiencies in proof can be supplied. As there is no contest on the first cause of action, judgment for the plaintiff should be affirmed; judgment on the second cause of action should be reversed and a new trial ordered in respect to it and on the counterclaim as limited in this opinion, without costs.
Hoestadteb, Steueb and Hecht, JJ., concur.
Judgment affirmed, etc.